UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                Plaintiff,

                v.

GINA TATA,

                Defendant.
_____

REPORT AND RECOMMENDATION
and DECISION & ORDER

11-CR-6083 CJS

       By Order of Hon. Charles J. Siragusa, United States District Judge, dated April 29, 2011, all pretrial matters in the above-captioned case have been referred to this Court pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B).  (Docket # 2).

       On August 1, 2011, defendant Gina Tata ("Tata") requested a hearing on her motion to suppress certain statements made to law enforcement on June 18, 2007, on the grounds that the statements were "obtained in a manner contrary to law and in violation of her constitutional rights, in the statements were not the product of a rational intellect or a free will." (Docket # 58-1 at 2).[1]  In support of her motion and request for a hearing, Tata submitted an affidavit of her attorney, who was not present at the time of the statements.  (*Id*.).  The government contends that no hearing is required in the absence of a supporting affidavit of a person with knowledge.  (Docket # 69 at 25-26).

---

[1] Tata's omnibus motion also sought, *inter alia*, a bill of particulars, *Brady* material, discovery and inspection, rulings on evidentiary matters under Rules 404, 608 and 609 of the Federal Rules of Evidence and *Jencks* material.  (Docket # 18).  With the exception of Tata's requests for the suppression of statements and the bill of particulars, which are discussed herein, each of the remaining requests was either resolved by the parties or decided in open court by the undersigned on October 28, 2011.  (Docket # 88).

At oral argument on the motion, this Court gave Tata until November 10, 2011 to submit such an affidavit. On November 10, 2011, this Court received a letter from Tata's counsel indicating that Tata does not intend to do so.

An evidentiary hearing is required where a defendant demonstrates a "sufficient definite, specific, detailed, and nonconjectural" issue of fact. *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992); *United States v. Richardson*, 2010 WL 5553995, *1 (W.D.N.Y. 2010) ("[i]n order to warrant a suppression hearing, the defendant must demonstrate a specific factual dispute that can be resolved by a hearing"; collecting cases), *report and recommendation adopted*, 2011 WL 53476 (W.D.N.Y. 2011). An attorney's affidavit made without personal knowledge is insufficient to create an issue of fact requiring an evidentiary hearing. *United States v. Gillette*, 383 F.2d 843, 848 (2d Cir. 1967); *United States v. Ahmad*, 992 F. Supp. 682, 685 (S.D.N.Y. 1998). In the absence of a demonstrated issue of fact, "there is no basis for holding an evidentiary hearing or suppressing the evidence." *United States v. Ahmad*, 992 F. Supp. at 685; *see also United States v. Richardson*, 2010 WL 5553995 at *1 (recommending that the district court deny motion to suppress statements where no issue of fact existed).

Here, Tata has submitted only an affidavit of her attorney, who does not have personal knowledge of the circumstances of her alleged statements. Thus, Tata has not demonstrated the existence of an issue of fact warranting an evidentiary hearing. Nor do her papers demonstrate that suppression is warranted as a matter of law. Accordingly, I recommend that the district court deny Tata's motion to suppress statements. (Docket # 58).

Further, Tata's previous counsel moved for a bill of particulars related to Count Two of the indictment. (Docket # 58-1 at 21-22). At oral argument, Tata's newly assigned

counsel raised the need for a bill of particulars as to Count Two.  This Court instructed the parties to confer, and by the same letter of November 10, 2011, Tata's counsel has informed this Court that the issue has been resolved.  Accordingly, Tata's request for a bill of particulars is denied as moot.

## CONCLUSION

For the reasons stated above, I recommend that the district court deny Tata's motion to suppress statements.  (Docket # 58).  In addition, Tata's motion for a bill of particulars **(Docket # 58)** is **DENIED as MOOT**.

<i>s/Marian W. Payson</i><br>
MARIAN W. PAYSON<br>
United States Magistrate Judge

Dated:  Rochester, New York
         November   21  , 2011

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York.[2]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance.  *See, e.g., Paterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services,* 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2(a)(3) of the Local Rules of Criminal Procedure for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2(a)(3) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

    *s/Marian W. Payson*
    MARIAN W. PAYSON
    United States Magistrate Judge

Dated: Rochester, New York
      November   21  , 2011

---

[2] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(D) commences with the filing of this Report and Recommendation.  Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed.  *United States v. Andress*, 943 F.2d 622 (6th Cir. 1991); *United States v. Long*, 900 F.2d 1270 (8th Cir. 1990).